HARRINGTON P. SHORT *vs.* PETER C. SHORT, DANIEL SHORT and JOHN H. JOHNSON, Sheriff.

*Rule to set aside Sheriff's Sale—Sheriff's Sale—Lien of Judgment—
Record of Deed—Knowledge of Conveyance—
Confirmation of Sale.*

The petitioner for a rule to show cause why a sheriff's sale should not be set aside, declared that the land which was sold was his, and not that of the defendant in the execution; and although the deed made to him by such defendant was not recorded till after the entry of the judgment upon which the excution was issued, the plaintiff in the judgment had full knowledge and notice of said deed at the time the judgment was entered. Such knowledge and notice was denied by the plaintiff in said judgment. *Held,* that the sale should not be set aside.

*(April 10, 1899.)*

JUDGES SPRUANCE, GRUBB and BOYCE sitting.

*Andrew J. Lynch* for petitioner.

*Robert C. White* and *Edward D. Hearne* for defendant.

Superior Court, Sussex County, April Term, 1899.

RULE TO SHOW CAUSE why the sheriff's sale of a tract of land designated as No. 10 should not be set aside.

SPRUANCE, J. :—The material facts not disputed are as follows:

On the 17th of October, 1892, the petitioner Harrington P. Short and his father, Wingate Short, made an exchange of lands, Harrington conveying to Wingate a certain farm which has since been sold under a judgment against Wingate, and Wingate conveying to Harrington the said premises designated as No. 10.

On the 3d of January, 1893, upon a judgment bond executed the same day, Peter C. Short obtained a judgment by confession against Wingate Short, being No. 155, October Term, 1892.

A *fi. fa.* was issued on said judgment to the October Term, 1898, under which the sheriff levied upon the said No. 10 as the

property of Wingate Short, and after inquisition and condemnation, a *venditioni exponas* was issued, being No. 68 to the April Term, 1899, under which the sheriff sold said premises to Daniel Short, and so made his return to this Court.

The deed from Wingate Short to Harrington P. Short for the said premises No. 10 was not recorded until the seventh of October, 1893.

On behalf of the said petitioner, Harrington P. Short, it is claimed that at and before the time of the entry of said judgment, Peter C. Short, the plaintiff therein, had full knowledge and notice of the said deed to Harrington P. Short, and on behalf of the said purchaser, Daniel Short, such knowledge or notice is denied.

Upon this question the testimony is very conflicting, and we find ourselves unable to reach a definite and satisfactory conclusion.

On the other hand it appears to us from the evidence that the said conveyance to Harrington P. Short, was a *bona fide* transaction.

If we set aside this sale it must be on the ground that the plaintiff in the said judgment had notice of the said conveyance by Wingate Short, and that the lien of said judgment did not bind the land in question ; and we would thus make it difficult, if not impossible, hereafter to raise the question as to the validity of said lien.

On the other hand, if the sale is confirmed, the conveyance to Harrington P. Short cannot be very serious.   He is in possession of the premises and his title is not impaired by the sheriff's sale.

The sheriff could sell only the title which might lawfully be sold under the judgment, and it is open to him to show, if he can, that said judgment was not a lien upon the premises.

Without expressing any opinion as to the validity of the lien of said judgment, or as to whether the purchaser at the sheriff's sale took any title to the land, we deem it proper to confirm the sale, leaving the purchaser the opportunity to assert his title and right of possession in some more appropriate proceeding than this.

The rule is discharged and the sale confirmed.